

West Virginia E-Filing Notice

CC-16-2024-F-66

Judge: H. Charles Carl III

**To:** G. Isaac Sponaugle, III
isaac@sponauglelaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. John W. Crites Jr.
CC-16-2024-F-66

The following supporting documents was FILED on 10/22/2024 8:09:42 AM

Notice Date:     10/22/2024 8:09:42 AM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

FILED 10/22/2024 8:09 AM
CC-16-2024-F-66
Hardy County Circuit Clerk
Kelly Shockey

ADMINISTRATIVE ORDER

DEPUTY

SUPREME COURT OF APPEALS OF WEST VIRGINIA

RE:    TEMPORARY ASSIGNMENT OF THE HONORABLE MICHAEL D. LORENSEN TO THE CIRCUIT COURT OF HARDY COUNTY IN THE TWENTY-SECOND JUDICIAL CIRCUIT TO PRESIDE OVER THE FOLLOWING CASES AND INVESTIGATION:

STATE OF WEST VIRGINIA V. JOHN W. CRITES, SR., HARDY COUNTY CASE NOS. 24-F-53, 56, 59, 62, 65, AND 68;

STATE OF WEST VIRGINIA V. JOHN W. CRITES, JR., HARDY COUNTY CASE NOS. 24-F-54, 57, 60, 63, 66, AND 69;

STATE OF WEST VIRGINIA V. KELLY S. CRITES, HARDY COUNTY CASE NOS. 24-F-55, 58, 61, 64, 67, AND 70; AND

STATE OF WEST VIRGINIA V. JOHN W. CRITES, SR., JOHN W. CRITES, JR., AND KELLY S. CRITES, INVESTIGATION NO. HCSO-024-048

By letter dated October 21, 2024, the Honorable H. Charles Carl, III and the Honorable C. Carter Williams, Judges of the Twenty-Second Judicial Circuit, have advised the Chief Justice of the Supreme Court of Appeals that they wish to recuse themselves voluntarily from presiding over the above-styled cases and investigation.

The Chief Justice, upon review of the reasons for the recusals, deems the same to be warranted.

IT IS THEREFORE ORDERED that the requests for voluntary recusal by Judges Carl and Williams are granted.

IT IS FURTHER ORDERED that the Honorable Michael D. Lorensen, Judge of the Twenty-Third Judicial Circuit, be, and he hereby is, assigned to the Circuit Court of Hardy County in the Twenty-Second Judicial Circuit under the provisions of Article VIII, § 3 of the Constitution of West Virginia for the purpose of presiding over the above-styled cases and any matters relating to Investigation No. HCSO-024-048 and over any future proceedings in the Circuit Court of Hardy County related thereto.

IT IS FURTHER ORDERED that the Circuit Clerk of Hardy County record this Order in the Office of the said Clerk and provide copies of the same to all parties of record or their counsel.

IT IS FURTHER ORDERED that the Circuit Clerk of Hardy County forward to Judge Lorensen copies of documents and materials in the Clerk's Office as directed by him.

ENTERED: OCTOBER 21, 2024

TIMOTHY P. ARMSTEAD
Chief Justice

 West Virginia E-Filing Notice

CC-16-2024-F-66

Judge: Michael Lorensen

**To:** G. Isaac Sponaugle, III
isaac@sponauglelaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. John W. Crites Jr.
CC-16-2024-F-66

This notice of judge reassignment was FILED on 10/22/2024 8:13:00 AM

Notice Date:     10/22/2024 8:13:00 AM

Original Judge:  H. Charles Carl III
New Judge:       Michael Lorensen

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

 West Virginia E-Filing Notice

CC-16-2024-F-66

Judge: H. Charles Carl III

**To:** G. Sponaugle
isaac@sponauglelaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. John W. Crites Jr.
CC-16-2024-F-66

The following notice of appearance was FILED on 10/21/2024 11:01:39 AM

Notice Date:    10/21/2024 11:01:39 AM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

E-FILED | 10/21/2024 9:30 AM
CC-16-2024-F-66
Hardy County Circuit Clerk
Kelly Shockey

### IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA:

**STATE OF WEST VIRGINIA,**
                    **Plaintiff,**
**v.**                                        **Case No.:  CC-16-2024-F- 54, 57, 60, 63, 66 & 69**
                                          **Judge: H. Charles Carl, III**

**JOHN W. CRITES, JR.,**
                    **Defendant.**

### -NOTICE OF APPEARANCE-

Comes now, G. Isaac Sponaugle, III, and hereby gives notice to the Court and the parties that he represents the Defendant in the above captioned case. Please direct all pleadings, notices, and other communications to the aforesaid Defendant as indicated herein below.

Dated this 21st day of October 2024.

Defendant
By Counsel

/s/ G. Isaac Sponaugle, III
G. Isaac Sponaugle, III, State Bar #9720
Sponaugle & Sponaugle
223 Chestnut Street
Post Office Box 578
Franklin, West Virginia 26807
(304) 358-2337 (office)
(304) 358-2337 (fax)
isaac@sponauglelaw.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I, G. Isaac Sponaugle, III, Counsel for Defendant, do certify that a true copy of the foregoing *Notice of Appearance*, was served upon the State of West Virginia by electronically filing the same with the Clerk of the Circuit Court of Hardy County, West Virginia, which will generate an email with an attached copy of the same to the Hardy County Prosecuting Attorney, Lucas J. See, and the Hardy County Assistant Prosecuting Attorney, H. Orrin Staggers, III, on this 21st day of October 2024.

/s/ G. Isaac Sponaugle, III
G. Isaac Sponaugle, III, State Bar #9720



West Virginia E-Filing Notice

CC-16-2024-F-66

Judge: H. Charles Carl III

**To:** G. Sponaugle
isaac@sponauglelaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. John W. Crites Jr.
CC-16-2024-F-66

The following motion was FILED on 10/21/2024 11:40:44 AM

Notice Date:    10/21/2024 11:40:44 AM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

E-FILED | 10/21/2024 9:40 AM
CC-16-2024-F-66
Hardy County Circuit Clerk
Kelly Shockey

## IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA:

**STATE OF WEST VIRGINIA,**
              **Plaintiff,**

**v.**                            **Case No.:  CC-16-2024-F- 54, 57, 60, 63, 66 & 69**
                                     **Judge: H. Charles Carl, III**

**JOHN W. CRITES, JR.,**
              **Defendant.**

## MOTION FOR GRAND JURY TESTIMONY

Defendant, in the above-captioned case, moves the court, by counsel, to order and compel the Prosecuting Attorney to provide the defendant with a transcript of all of the witnesses' testimony that were presented before the Grand Jury proceedings in this matter.

Dated this 21st day of October 2024.

                                           Defendant
                                           By Counsel

/s/ G. Isaac Sponaugle, III
G. Isaac Sponaugle, III, State Bar #9720
Sponaugle & Sponaugle
223 Chestnut Street
Post Office Box 578
Franklin, West Virginia 26807
(304) 358-2337 (office)
(304) 358-2337 (fax)
isaac@sponauglelaw.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I, G. Isaac Sponaugle, III, Counsel for Defendant, do certify that a true copy of the foregoing *Motion*, was served upon the State of West Virginia by electronically filing the same with the Clerk of the Circuit Court of Hardy County, West Virginia, which will generate an email with an attached copy of the same to the Hardy County Prosecuting Attorney, Lucas J. See, and the Hardy County Assistant Prosecuting Attorney, H. Orrin Staggers, III, on this 21st day of October 2024.

<u>/s/ G. Isaac Sponaugle, III</u>
G. Isaac Sponaugle, III, State Bar #9720



West Virginia E-Filing Notice

CC-16-2024-F-66

Judge: H. Charles Carl III

**To:** G. Sponaugle
isaac@sponauglelaw.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. John W. Crites Jr.
CC-16-2024-F-66

The following motion disposed was FILED on 10/21/2024 11:40:44 AM

Notice Date:      10/21/2024 11:40:44 AM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

E-FILED | 10/21/2024 9:50 AM
CC-16-2024-F-66
Hardy County Circuit Clerk
Kelly Shockey

**IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA:**

**STATE OF WEST VIRGINIA,**
                    **Plaintiff,**
**v.**                                **Case No.:  CC-16-2024-F- 54, 57, 60, 63, 66 & 69**
                                       **Judge: H. Charles Carl, III**
**JOHN W. CRITES, JR.,**
                    **Defendant.**

**MOTION FOR GRAND JURY TESTIMONY**

Defendant, in the above-captioned case, moves the court, by counsel, to order and compel the Prosecuting Attorney to provide the defendant with a transcript of all of the witnesses' testimony that were presented before the Grand Jury proceedings in this matter.

Dated this 21st day of October 2024.

                                              Defendant
                                              By Counsel

/s/ G. Isaac Sponaugle, III
G. Isaac Sponaugle, III, State Bar #9720
Sponaugle & Sponaugle
223 Chestnut Street
Post Office Box 578
Franklin, West Virginia 26807
(304) 358-2337 (office)
(304) 358-2337 (fax)
isaac@sponauglelaw.com
*Counsel for Defendant*

### CERTIFICATE OF SERVICE

I, G. Isaac Sponaugle, III, Counsel for Defendant, do certify that a true copy of the foregoing *Motion*, was served upon the State of West Virginia by electronically filing the same with the Clerk of the Circuit Court of Hardy County, West Virginia, which will generate an email with an attached copy of the same to the Hardy County Prosecuting Attorney, Lucas J. See, and the Hardy County Assistant Prosecuting Attorney, H. Orrin Staggers, III, on this 21st day of October 2024.

/s/ G. Isaac Sponaugle, III
G. Isaac Sponaugle, III, State Bar #9720



West Virginia E-Filing Notice

CC-16-2024-F-66

Judge: H. Charles Carl III

**To:**  G. Sponaugle
isaac@sponauglelaw.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. John W. Crites Jr.
CC-16-2024-F-66

The following motion was FILED on 10/21/2024 11:46:55 AM

Notice Date:     10/21/2024 11:46:55 AM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

E-FILED | 10/29/2024 9:56 AM
CC-16-2024-F-66
Hardy County Circuit Clerk
Kelly Shockey

### IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA:

**STATE OF WEST VIRGINIA,**
                **Plaintiff,**

**v.**                         **Case No.:  CC-16-2024-F- 54, 57, 60, 63, 66 & 69**
                                   **Judge: H. Charles Carl, III**

**JOHN W. CRITES, JR.,**
                **Defendant.**

### NOTICE AND MOTION TO SUPPRESS

Defendant, in the above-captioned case, moves the court, by counsel, and pursuant to Rule 12 of the West Virginia Rules of Criminal Procedure, for an order suppressing all evidence as to statements made by him and any evidence or any property seized as a result of the execution of any search warrants.

This motion is made on the grounds that any such statements were obtained in violation of defendant's constitutional rights, were not knowingly, intelligently, and voluntarily made, and is based on all the records and files of this case.

Defendant by his attorney, hereby moves this court, pursuant to Rules 41(e) and 41(f) of the West Virginia Rules of Criminal Procedure, for an order suppressing any and all evidence and any and all property seized as a result of the execution of any search warrants and directing the return to defendant of any and all property seized under that warrant.  This motion is made on the grounds that the property was illegally seized, and the defendant is entitled to lawful possession of such property, for the following reasons:

1. The warrant was insufficient on its face.

2. There was no probable cause for believing the existence of the grounds on which the warrant was issued.

3. The affidavit on the basis of which the warrant was issued does not set forth facts establishing the source of the information alleged in the affidavit.

4. The warrant failed to describe with sufficient particularity the person or place to be searched and the property to be seized.

5. There was an unreasonable lapse of time between the date the information alleged in the affidavit was acquired and the date the warrant was issued, by reason of which the information was stale.

Dated this 21st day of October 2024.

Defendant<br>
By Counsel

/s/ G. Isaac Sponaugle, III
G. Isaac Sponaugle, III, State Bar #9720
Sponaugle & Sponaugle
223 Chestnut Street
Post Office Box 578
Franklin, West Virginia 26807
(304) 358-2337 (office)
(304) 358-2337 (fax)
isaac@sponauglelaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, G. Isaac Sponaugle, III, Counsel for Defendant, do certify that a true copy of the foregoing *Motion*, was served upon the State of West Virginia by electronically filing the same with the Clerk of the Circuit Court of Hardy County, West Virginia, which will generate an email with an attached copy of the same to the Hardy County Prosecuting Attorney, Lucas J. See, and the Hardy County Assistant Prosecuting Attorney, H. Orrin Staggers, III, on this 21st day of October 2024.

/s/ G. Isaac Sponaugle, III
G. Isaac Sponaugle, III, State Bar #9720

 West Virginia E-Filing Notice

CC-16-2024-F-66

Judge: Michael Lorensen

**To:** G. Sponaugle
isaac@sponauglelaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. John W. Crites Jr.
CC-16-2024-F-66

The following motion disposed was FILED on 10/21/2024 11:09:23 AM

Notice Date:    10/21/2024 11:09:23 AM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

E-FILED | 10/23/2024 9:59 AM
CC-16-2024-F-66
Hardy County Circuit Clerk
Kelly Shockey

## IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA:

**STATE OF WEST VIRGINIA,**
          **Plaintiff,**

**v.**                          **Case No.: CC-16-2024-F- 54, 57, 60, 63, 66 & 69**
                                    **Judge: H. Charles Carl, III**

**JOHN W. CRITES, JR.,**
          **Defendant.**

## MOTION TO SET BAIL BOND

Defendant, in the above-captioned case, moves the court, by counsel, to set an amount and form of bond in this matter. Defendant is a lifelong resident of the State of West Virginia with long standing ties to the community, is not a flight risk, and the alleged offenses are nonviolent criminal offenses that are in a financial nature. Defendant further asserts that he is a good candidate for bond, that he will faithfully appear at all hearings and trial dates as set by the Court and will follow such other conditions as the Court may designate.

Defendant is requesting that the form of the bond be set as a personal recognizance bond for all of the counts in the above-captioned cases based upon the aforesaid reasons.

Dated this 21st day of October 2024.

                                          Defendant
                                          By Counsel

/s/ G. Isaac Sponaugle, III
G. Isaac Sponaugle, III, State Bar #9720
Sponaugle & Sponaugle
223 Chestnut Street
Post Office Box 578
Franklin, West Virginia 26807
(304) 358-2337 (office)
(304) 358-2337 (fax)
isaac@sponauglelaw.com
*Counsel for Defendant*

**Motion to Modify Bail Bond**
**Page 1 of 2**

## CERTIFICATE OF SERVICE

I, G. Isaac Sponaugle, III, Counsel for Defendant, do certify that a true copy of the foregoing *Motion*, was served upon the State of West Virginia by electronically filing the same with the Clerk of the Circuit Court of Hardy County, West Virginia, which will generate an email with an attached copy of the same to the Hardy County Prosecuting Attorney, Lucas J. See, and the Hardy County Assistant Prosecuting Attorney, H. Orrin Staggers, III, on this 21st day of October 2024.

/s/ G. Isaac Sponaugle, III
G. Isaac Sponaugle, III, State Bar #9720

West Virginia E-Filing Notice

CC-16-2024-F-66

Judge: Michael Lorensen

**To:**  G. Isaac Sponaugle, III
isaac@sponauglelaw.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. John W. Crites Jr.
CC-16-2024-F-66

The following order - case was FILED on 10/23/2024 10:21:19 AM

Notice Date:     10/23/2024 10:21:19 AM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

/s/ Michael Lorensen
Circuit Court Judge
Ref. Code: 240HU3B3X

E-FILED | 10/23/2024 10:21 AM
CC-16-2024-F-66
Hardy County Circuit Clerk
Kelly Shockey

# IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

**STATE OF WEST VIRGINIA,**

v.                                    **CRIMINAL ACTION NO.: 24-F-54,
24-F-57, 24-F-60, 24-F-63, 24-F-66, 24-F-69**

**JOHN W. CRITES, JR.**
  **Defendant.**

## ARRAIGNMENT ORDER AND TRIAL SCHEDULE

This matter came before the Court on the 22nd day of October 2024, upon the appearance of the State, by **H. Orrin Staggers, III**, Esquire, and upon the appearance of the Defendant in person, and by counsel, **G. Issac Sponaugle, III**, Esquire.

The Court arraigned the Defendant, who entered a plea of not guilty, and the Court **ORDERED** the parties to appear before the Court on the following dates:
_____ Defendant waived speedy trial **X  Defendant requests speedy trial**

**TRIAL BY JURY:**        **JANUARY 21, 2025, AT 9:00 AM**

**PRETRIAL:**        **DECEMBER 23, 2024, AT 9:00 AM**

The Defendant requested discovery pursuant to W. Va. R. Crim. P. 16, which the Court **ORDERED** the State to provide.  The State provided discovery in court. Following discovery production by the State, the Court **ORDERED** the Defendant to respond to the State's requested discovery within 10 days.

The Court **ORDERS** the parties to file in writing all competency, insanity, suppression issues, and all motions in bar of trial fourteen (14) days in advance of the pre-trial hearing.

On the question of bond, the Court **ORDERED** as follows:

_____ The Defendant moved that the Court reinstate and convert the Magistrate Court bond to the Circuit Court bond and continue the bond with the same conditions, including the Defendant's faithful appearance at all hearing and trial dates, and upon such other conditions as the Court designated or may designate.  Since the State did not object, the Court **ORDERED** the bond **CONTINUED**.

_____ The Court **ORDERED** the Defendant **REMANDED** to custody pending further proceedings herein.

**MDL** The Defendant moved to be admitted to bond and it appearing to the Court that the Defendant was entitled to have a bond set, the Court **ORDERED** bond set in the sum of **$5,000.00 Personal Recognize Bond**, as approved by the Clerk. The Court conditioned the bond upon Defendant's faithful appearance at all hearing and trial dates, and upon such other conditions as the Court designated or may designate. The Court further **ORDERED** that until such time as the Defendant makes bond, the Court **REMANDED** the Defendant to custody pending further proceedings.

The Court further **ORDERS** the following additional conditions of Defendant's bond, where bond has been set:

1.  Defendant shall not violate the law of this State, any other State, or of the United States of America, including Municipal Ordinances.

2.  Defendant shall not use, or possess, illegal controlled substances and shall be subject to random drug screening by the Probation Department. The Court taxes the cost of drug testing to the Defendant.

3.  Defendant shall faithfully appear at all hearings and as otherwise required by the Court, or counsel, and keep the Court and counsel apprised of a valid address at all times.

4.  _____ The Defendant shall have no contact, directly or indirectly, with the alleged victim or the victim's family.

5.  _____ The Defendant shall not leave the State of West Virginia for any reason without the permission of the Court's Probation Officer.

6.  _____

The Clerk shall enter this Order and transmit attested copies to counsel of record, any *pro se* parties, and to the Court's Probation Officer.

Entered this 23rd day of October 2024.

_____
Michael D. Lorensen, Circuit Judge



West Virginia E-Filing Notice

CC-16-2024-F-66

Judge: Michael Lorensen

**To:** G. Isaac Sponaugle, III
isaac@sponauglelaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. John W. Crites Jr.
CC-16-2024-F-66

The following supporting documents was FILED on 10/23/2024 2:08:04 PM

Notice Date:      10/23/2024 2:08:04 PM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

FILED 10/23/2024 2:08 PM
CC-16-2024-F-66
Hardy County Circuit Clerk
Kelly Shockey

## IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,
        Plaintiff,

v.                                  Investigation No. HCSO-024-048

JOHN W. CRITES SR.
JOHN W. CRITES JR.
KELLY S. CRITES,
        Defendants.

### ORDER OF DISQUALIFICATION

On this the 17th day of October, 2024, came the State of West Virginia by H. Orrin Staggers III, Prosecuting Attorney in and for Hardy County, West Virginia and moved the Court that said Prosecuting Attorney and his staff be disqualified from the above styled case and further moved the Court for the appointment of a Special Prosecutor and after full consideration of all matters presented to the Court by said Prosecuting Attorney, the Court is of the opinion to and does hereby grant and sustain said Motion for Disqualification and for the appointment of a Special Prosecutor in regard to further proceedings herein.

It is accordingly adjudged and ordered that the Office of the Prosecuting Attorney of Hardy County, West Virginia, is hereby disqualified from further proceedings herein and in order to facilitate the appointment of a Special Prosecutor, the Court will request that the West Virginia Prosecuting Attorney Institute appoint a Special Prosecutor pursuant to the provisions of West Virginia Code § 7-4-6.

It is further ordered that the Clerk of this Court make, prepare and transmit a copy of this Order to the Office of the Prosecuting Attorney of Hardy County, West Virginia, which shall

serve as notice of disqualification and it is further ordered that the Clerk of this Court make, prepare and transmit an additional copy of this Order together with the Request for Appointment of Special Prosecutor Form to Philip W Morrison, II, Executive Director of the West Virginia Prosecuting Attorneys Institute, 1124 Smith Street, Suite 4500, Charleston WV 25301.

ENTERED: _____10/22/24_____

_____
CIRCUIT COURT JUDGE
22ND JUDICIAL CIRCUIT



West Virginia E-Filing Notice

CC-16-2024-F-66

Judge: Michael Lorensen

**To:** G. Isaac Sponaugle, III
isaac@sponauglelaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. John W. Crites Jr.
CC-16-2024-F-66

The following supporting documents was FILED on 10/22/2024 2:51:57 PM

Notice Date:        10/22/2024 2:51:57 PM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

FILED 10/22/2024 2:35 PM
CC-16-2024-F-66
Hardy County Circuit Clerk
Kelly Shockey

# IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

**STATE OF WV**                                    **Plaintiff**

**VS**                                    **Case Number: 24-F-54, 24-F-57**
                                    **24-F-60, 24-F-63**
                                    **24-F-66, 24-F-69**

**JOHN W. CRITES, JR.**                            **Defendant**

STATE OF WEST VIRGINIA, HARDY COUNTY, to wit:

BE IT REMEMBERED, that on this 22nd day of October 2024, **JOHN W. CRITES, JR.** appeared before me, Deborah Hines, Deputy Circuit Clerk of Hardy County Circuit Court and acknowledged herself to be indebted to the State of West Virginia, in the manner and form following:

### $5,012.00
### PERSONAL RECOGNIZANCE BOND
### JOHN W. CRITES, JR.

to be respectively made and levied of their goods, chattels, lands, and tenements for the use of the State of West Virginia rendered, if the said **JOHN W. CRITES, JR.** shall make default in the performance of the conditions underwritten.

THE CONDITIONS OF THE ABOVE RECOGNIZANCE ARE SUCH, that if the above bound **JOHN W. CRITES, JR.** does and shall personally appear before the Hardy County Circuit Court at all future times as the Court may require to answer to the charges now pending against him and shall not depart thence without leave of said Court, then the above recognizance shall be void; otherwise to remain in full force and virtue.

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
MARY BRENNSKAG
Hardy Co. Circuit Clerk's Office
204 Washington Street
Moorefield, WV 26836
My Commission Expires April 23, 2028

JOHN W. CRITES, JR.

NOTARY/WITNESS

Taken and acknowledged before me the day and year first above written.

**KELLY J. SHOCKEY, CLERK**

Deborah J. Hines, **DEPUTY**



West Virginia E-Filing Notice

CC-16-2024-F-66

Judge: Michael Lorensen

**To:**  G. Isaac Sponaugle, III
isaac@sponauglelaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. John W. Crites Jr.
CC-16-2024-F-66

The following supporting documents was FILED on 10/30/2024 3:59:18 PM

Notice Date:     10/30/2024 3:59:18 PM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

E-FILED | 10/30/2024 3:59 PM
CC-16-2024-F-66
Hardy County Circuit Clerk
Kelly Shockey

**IN THE CIRCUIT COURT OF HARDY COUNTY,**

**STATE OF WEST VIRGINIA,**

**v.**                                                                            **CASE NOS.: 24-F-53-70**

**JOHN W. CRITES, SR.,**
**JOHN W. CRITES, JR.,**
**KELLY S. CRITES,**
              *Defendants***.**

### STATE'S RESPONSE TO DEFENDANT'S MOTION FOR RECORDS AND TRANSCRIPTS OF GRAND JURY PROCEEDINGS

Now comes the State of West Virginia by its assistant prosecuting attorney, H. Orrin Staggers III, Esq. to respond to Defendants' Motions for Records and Transcripts of Grand Jury Proceedings.

Defendants have each filed the same Motion with the contents and basis for the Motion being essentially mirror images. Accordingly, the State requests the Court consider this response to each of Defendants' Motions given their similarities.

Defendants base their Motions on the argument that grounds *may* exist for a motion to dismiss the indictment. They go on to claim that criminal intent is absent because of "no ability to anticipate that the alleged victims in these cases would not be paid[.]" There is little precedent that can be found to provide an analytical framework for a Court to utilize in making a decision such as this.

However, in the absence of such precedent, the State requests the Court to follow the general rule detailed in Rule 16 of the West Virginia Rules of Criminal Procedure which states: "[e]xcept as provided in Rules 6, 12(i) and 26.2, and subdivision (a)(1)(A) of this rule, these rules do not relate to discovery or inspection of recorded proceedings of a grand jury" as well as the Court's common practice which the Court noted in following that of the Honorable Judge Frye: denying such request if the officer presenting the matter before the Grand Jury will not be called as a witness in the State's case-in-chief. *W. Va. R. Crim. Pro. 16(a)(3).*

The relevant exception to the general rule Defendant is asserting is provided in Rule 6(e)(3)(C)(ii) which states: "[d]isclosure otherwise prohibited by this rule of matters occurring before

the grand jury may also be made…when permitted by a court at the request of the defendant, *upon a showing* that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury[.]" *W. Va. R. Crim. Pro. 6(e)(3)(C)(ii) (emphasis added).* As will be discussed below, Defendants have not made such a showing.

Additionally, Black's Law Dictionary defines probable cause as "a reasonable ground to suspect that a person has committed or is committing a crime or that a place contains specific items connected with a crime." *Black's Law Dictionary 1321 (9ᵗʰ ed. 2009).* The Defendants in this matter are the sole officers of the corporation. Based upon their positions within the corporation, there is certainly reasonable ground to suspect Defendant's committed the allegations contained within the Indictments and for Grand Jury to make such a finding.

Defendants are asking this Court to infiltrating the sanctity of the Grand Jury proceedings to allow the Defendants to comb for straws to grasp as a basis for further unsupported arguments for lack of probable cause is improper and time wasting. Defendants' arguments for disclosure on the basis of inability to identify precisely what may have occurred to secure the indictment without a showing of *any* law or fact in support of their position is not sufficient for the Court to stray from the general rule against disclosure. At this juncture, they have made no showing of a substantive basis for disclosure of the private proceedings other than their disagreement with the Grand Jury's finding of probable cause.

Moreover, it is important to note that the jurors that presided over this matter were in their third (3ʳᵈ) term as the sitting Grand Jury. They had been instructed on the process, various laws of this State, and the evidentiary standards that must be met in order to return a true bill on three (3) separate occasions and presided over dozens of cases by the time they had considered this matter for indictment. As such, these members of the grand jury were seasoned in the understanding of probable cause and the elements of each charge they were considering. Counsel not liking the decisions made by the Grand Jury is not a ground to open their proceedings and subject their decision to scrutiny.

Therefore, the State respectfully requests the Court deny the Defendants' Motions for Records and Transcripts of Grand Jury Proceedings.

Respectfully submitted this 30th day of October, 2024.

State of West Virginia

By Counsel

*/s/ H. Orrin Staggers III*
H. Orrin Staggers III (WV Bar #13266)
Hardy County Assistant Prosecuting Attorney
204 Washington Street
Moorefield, WV 26836

## <u>CERTIFICATE OF SERVICE</u>

I, H. Orrin Staggers III, Assistant Prosecuting Attorney for Hardy County, West Virginia do hereby certify that I have served a true copy of the foregoing **STATE'S RESPONSE TO DEFENDANTS' MOTIONS FOR RECORDS AND TRANSCRIPTS OF GRAND JURY PROCEEDINGS** upon counsel for Defendants, by e-file notification on this the 30th day of October, 2024.

*/s/ H. Orrin Staggers III*
H. Orrin Staggers III (WV Bar #13266)
Hardy County Assistant Prosecuting Attorney
204 Washington Street
Moorefield, WV 26836

 West Virginia E-Filing Notice

CC-16-2024-F-66

Judge: Michael Lorensen

**To:** G. Isaac Sponaugle, III
isaac@sponauglelaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

State of West Virginia v. John W. Crites Jr.

CC-16-2024-F-66

The following order - case was FILED on 11/12/2024 2:06:26 PM

Notice Date:    11/12/2024 2:06:26 PM

Kelly Shockey

CLERK OF THE CIRCUIT COURT

Hardy County

204 Washington St RM 237

MOOREFIELD, WV 26836

(304) 530-0230

kelly.shockey@courtswv.gov

/s/ Michael Lorensen
Circuit Court Judge
Ref. Code: 24RPTTG5X

E-FILED | 11/22/2024 2:06 PM
CC-16-2024-F-66
Hardy County Circuit Clerk
Kelly Shockey

## In the Circuit Court of Hardy County, West Virginia

**State of West Virginia,**
Plaintiff,

v.

**John W. Crites Jr.,**
Defendant

Case No. CC-16-2024-F-66
Judge Michael Lorensen

### Order Denying Motions for Grand Jury Testimony, Transcripts, and Records

Currently pending before the Court is the Defendant John W. Crites, Jr.'s *Motion for Grand Jury Testimony,* filed in Hardy County Criminal Case Nos. 24-F- 54, 57, 60, 63, 66, and 69 on October 21, 2024, by his counsel, Isaac Sponaugle, III., Esq., and the law firm of Sponaugle & Sponaugle; Defendant Kelly S. Crites' *Motion for Records and Transcripts of Grand Jury Proceedings* filed in Hardy County Criminal Case Nos. 24-F-55, 58, 61, 64, 67, and 70 on October 21, 2024, by her counsel, Steven R. Ruby, Esq., and the law firm of Carey Douglas Kessler & Ruby PLLC, and Defendant John W. Crites, Sr.'s *Motion for Records and Transcripts of Grand Jury Proceedings* filed in Hardy County Criminal Case Nos. 24-F-53, 56, 59, 62, 65, and 68 on October 21, 2024, by his counsel, Michael B. Hissam, Esq., and the law firm of Hissam Forman Donovan Ritchie PLLC. The State of West Virginia, by its counsel, H. Orrin Staggers III, Esq., Assistant Prosecuting Attorney, Hardy County, West Virginia, filed its Response briefs on October 30, 2024. Defendant John W. Crites, Sr. filed his Reply briefs on October 31, 2024, and Defendant Kelly S. Crites filed her Reply briefs on November 12, 2024. Therefore, the motions are ripe for decision.

Rule 6(e)(2) of the West Virginia Rules of Criminal Procedure provides for a

general rule of secrecy regarding grand jury proceedings. Specifically, this section of the rule provides that:

> A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the state, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

W. Va. R. Cr. P. 6(e)(2). Rule 16(a)(3) of the West Virginia Rules of Criminal Procedure specifically provides that the discovery rules in criminal proceedings do not "relate to discovery or inspection of recorded proceedings of a grand jury . . . ." except as provided for in Rules 6, 12(i) and 26.2.

Defendants Kelly S. Crites and John W. Crites, Sr., bring their motions pursuant to Rule 6(e)(3)(C)(ii) of the West Virginia Rules of Criminal Procedure which authorizes the disclosure of grand jury proceedings "when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Defendant John W. Crites, Jr. simply moves the Court to compel the prosecuting attorney to provide the defendant with a transcript of all the witnesses' testimony that were presented to the grand jury. Both Defendants Kelly S. Crites and John W. Crites, Sr. argue that as there is a substantial likelihood that "something" occurred within the grand jury proceedings that would form the basis for a motion to dismiss the indictment, there is good cause for the Court to authorize the disclosure of the grand jury proceedings.

The Defendants' allegations are simply not sufficient to demonstrate good cause for the Court to authorize the disclosure of the grand jury proceedings. As explained by the

State of West Virginia, Defendants are asking this Court to breach the sanctity of the grand jury proceedings to allow the Defendants to search for further support for their vague arguments for lack of probable cause to support the indictments against them. Defendants' arguments for disclosure on the basis of inability to identify precisely what may have occurred to secure the indictment without a showing of any law or fact in support of their position is not sufficient for the Court to stray from the general rule against disclosure. None of the authorities cited by the Defendants support the requested action the facts presented here.

At this juncture, Defendants have made no showing of a substantive basis for disclosure of the private proceedings other than their disagreement with the grand jury's finding of probable cause. Defendant John W. Crites, Sr., argues in his Reply that exculpatory evidence exists which may or may not have been presented to the grand jury. However, he admits in his brief that West Virginia courts have not explicitly established whether prosecutors must present exculpatory evidence to the grand jury in seeking an indictment. The Supreme Court of Appeals of West Virginia has simply observed that such evidence may be presented to the grand jury by the prosecutor. *See State ex rel. Pinson v. Maynard*, 181 W. Va. 662, 664, 383 S.E.2d 844, 846 (1989).

The crux of the Defendants' argument is based on their allegations that no evidence exists for the grand jury to find probable cause for the indictments against them. They essentially argue that a review of the grand jury proceedings will support a possible motion to dismiss the indictments by demonstrating that the finding of probable cause "could only plausibly have been met by improper argument, improper instruction, misleading testimony, or some other impropriety." *See* Defendant John W. Crites, Sr.'s

*Reply* brief.

The Supreme Court of Appeals of West Virginia has held in regard to the function of a grand jury in criminal proceedings that:

> Ultimately, the grand jury decides whether probable cause exists to *charge* a person with committing a crime, not whether the evidence proves beyond a reasonable doubt that a defendant must be *convicted* of that crime; the grand jury's role "is not to determine the truth of the charges against the defendant, but to determine whether there is sufficient probable cause to require the defendant to stand trial."

*State ex rel. State v. Gwaltney*, 249 W. Va. 706, 713, 901 S.E.2d 70, 77 (2024), *quoting State ex rel. Pinson v. Maynard*, 181 W. Va. 662, 665, 383 S.E.2d 844, 847 (1989) (explaining the grand jury institution and its function).

In *Gwaltney*, the Supreme Court explained that "[a]fter a grand jury returns an indictment, circuit courts have limited powers of review. A court may review an indictment 'only for constitutional error and prosecutorial misconduct.'" *Id.* at 714, 901 S.E.2d at 78, *quoting State v. Adams*, 193 W. Va. 277, 284, 456 S.E.2d 4, 11 (1995). Further, the Supreme Court held that a court "may not appraise the legality or sufficiency of the evidence considered by the grand jury in absence of willful, intentional fraud . . . [i]nstead, courts must presume that every indictment is found upon proper evidence." *Gwaltney*, *supra (internal citations omitted).* If a grand jury hears "improper evidence, any purported error can be corrected in the trial before a petit jury." *Id.*

Additionally, the *Gwaltney* Court held that a trial court may review an indictment to determine whether it is a constitutionally sufficient, which it goes on to explain that a constitutionally sufficient "indictment must (1) state the elements of the charged offense; (2) put a defendant on 'fair notice' of the charge against which a defendant must defend; and (3) allow a defendant 'to assert an acquittal or conviction' to avoid double jeopardy."

*Id.* at 715, 901 S.E.2d at 79, *citing* Syl. Pt. 6, in part, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999). However, the *Gwaltney* Court emphasized that "a review for constitutional sufficiency is limited to the face of the indictment and does not extend to any evidence supporting the indictment. *Id. (internal citations omitted).* Ultimately, the Supreme Court concluded that absent a reason relating to prosecutorial misconduct or constitutional sufficiency, "[a] circuit court may not grant a defendant's pretrial motion to dismiss an indictment on the basis of the sufficiency of the evidence or whether a factual basis for indictment exists." Syl. Pt. 3, *Gwaltney*. As this Court held in its *November 8, 2024 Orders Denying Expedited Motions for Bill of Particulars*, the indictments in these matters are sufficient on their face.

Defendants bring their motions on the basis of their argument that no evidence exists to support the grand jury's indictments and that the transcript of the grand jury proceedings may provide additional basis for a possible motion to dismiss the indictments against them, as the finding of probable cause "could only plausibly have been met by improper argument, improper instruction, misleading testimony, or some other impropriety." *See* Defendant John W. Crites, Sr.'s *Reply* brief. Without any allegations of prosecutorial misconduct or to the constitutional sufficiency of the face of the indictment, the Court has no authority to grant such a motion to dismiss and, therefore, declines to grant the Defendants' motions for grand jury testimony, transcripts, and records in an effort to bring such a motion.[1]

Based upon the foregoing, Defendant John W. Crites, Jr.'s *Motion for Grand Jury Testimony*, Defendant Kelly S. Crites' *Motion for Records and Transcripts of Grand Jury Proceedings*, and Defendant John W. Crites, Sr.'s *Motion for Records and Transcripts of*

*Grand Jury Proceedings*, are hereby DENIED.

The Clerk is directed to transmit a true and correct copy of this Order to all counsel of record.

[1]In applying the exception found in the similar Federal counterpart to our Rule 6(e)(3) of the West Virginia Rules of Criminal Procedure, federal courts have held that the decision to disclose grand jury proceedings is a matter within the trial court's discretion and that general allegations are insufficient and that a party seeking grand jury matters must instead show a "particularized need for the material." *U.S. v. Burke*, 856 F. 2d 1492, 1496 (11th Cir. 1988).

**/s/ Michael Lorensen**
Circuit Court Judge
22nd Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.



West Virginia E-Filing Notice

CC-16-2024-F-66

Judge: Michael Lorensen

**To:** G. Isaac Sponaugle, III
isaac@sponauglelaw.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. John W. Crites Jr.
CC-16-2024-F-66

The following order - case was FILED on 11/15/2024 11:50:35 AM

Notice Date:        11/15/2024 11:50:35 AM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

## In the Circuit Court of Hardy County, West Virginia

**State of West Virginia,**
Plaintiff,

v.

Case No. CC-16-2024-F-66
Judge Michael Lorensen

**John W. Crites Jr.,**
Defendant

### Order Scheduling Evidentiary Hearing

Currently pending before the Court is *Defendant John W. Crites, Sr.'s Motion to Disqualify Office of the Hardy County Prosecuting Attorney*, filed in Hardy County Criminal Case Nos. 24-F-53, 56, 59, 62, 65, and 68 on October 31, 2024, by his counsel, Michael B. Hissam, Esq., and the law firm of Hissam Forman Donovan Ritchie PLLC, as well as *Defendant Kelly S. Crites's Motion to Disqualify Office of the Hardy County Prosecuting Attorney*, just recently filed in Hardy County Criminal Case Nos. 24-F-55, 58, 61, 64, 67, and 70 on November 12, 2024, by her counsel, Steven R. Ruby, Esq., and the law firm of Carey Douglas Kessler & Ruby PLLC.

As this matter requires an evidentiary hearing in order for the Court to makes its determination, the Court does direct that this matter be scheduled for hearing on **Tuesday, December 3, 2024**, at the hour of **3:30 p.m.** at the Hardy County Courthouse, 204 Washington Street, Room 237, Moorefield, West Virginia. Even though the motions to disqualify were not filed in all 18 cases, Criminal Case Nos. 24-F-53 through 24-F-70, such cases are all related and this Order will be filed in all 18 cases so that any party and his or her counsel may receive notice to attend in order to protect their interests.

The Clerk is directed to transmit a true and correct copy of this Order to all counsel of record.

**<u>/s/ Michael Lorensen</u>**
Circuit Court Judge
22nd Judicial Circuit


Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.

 West Virginia E-Filing Notice

CC-16-2024-F-66

Judge: Michael Lorensen

**To:** G. Isaac Sponaugle, III
isaac@sponauglelaw.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. John W. Crites Jr.
CC-16-2024-F-66

The following order - case was FILED on 12/5/2024 10:27:37 AM

Notice Date:    12/5/2024 10:27:37 AM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

**In the Circuit Court of Hardy County, West Virginia**

**State of West Virginia,**
Plaintiff,

v.

Case No. CC-16-2024-F-66
Judge Michael Lorensen

**John W. Crites Jr.,**
Defendant

**Order Denying Motions to Disqualify Office of Hardy County Prosecuting Attorney**

Currently pending before the Court is the Defendant John W. Crites, Sr.'s *Motion to Disqualify Office of Hardy County Prosecuting Attorney*, filed in Hardy County Criminal Case Nos. 24-F-53, 56, 59, 62, 65, and 68 on October 31, 2024, by his counsel, Michael B. Hissam, Esq., and the law firm of Hissam Forman Donovan Ritchie PLLC, and Defendant Kelly S. Crites' *Motion to Disqualify Office of Hardy County Prosecuting Attorney*, filed in Hardy County Criminal Case Nos. 24-F-55, 58, 61, 64, 67, and 70 on November 12, 2024, by her counsel, Steven R. Ruby, Esq., and the law firm of Carey Douglas Kessler & Ruby PLLC.

The Court held a hearing in this matter on December 3, 2024. The Defendant, John S. Crites, Sr., appeared in person and by his counsel, Michael B. Hissam, Esq., Isaac A. Forman, Esq., and the law firm of Hissam Forman Donovan Ritchie PLLC. The Defendant, Kelly S. Crites, appeared in person and by her counsel, Steven R. Ruby, Esq. and the law firm of Carey Douglas Kessler & Ruby PLLC. Although he did not file a motion to disqualify, the Defendant, John S. Crites, Jr., appeared by his counsel Isaac Sponaugle, III., Esq., and the law firm of Sponaugle & Sponaugle. Finally, the State of West Virginia appeared by its counsel, Lucas J. See, Esq., Hardy County Prosecuting

Attorney, and H. Orrin Staggers III, Esq., Assistant Prosecuting Attorney, Hardy County, West Virginia. Counsel provided legal argument in support of their motions. The State provided oral argument in opposition to the motions. Based upon the following, the Court DENIES Defendant John W. Crites, Sr.'s *Motion to Disqualify Office of Hardy County Prosecuting Attorney* and Defendant Kelly S. Crites' *Motion to Disqualify Office of Hardy County Prosecuting Attorney*.

The West Virginia Supreme Court of Appeals has outlined both the practical and policy-based rationales for disqualification of a prosecutor allegedly laboring under a conflict of interest. As the Supreme Court has made explained, there are two overarching categories under which a prosecutor should be disqualified:

> The first is where the prosecutor has had some attorney-client relationship with the parties involved whereby he obtained privileged information that may be adverse to the defendant's interest in regard to the pending criminal charges. A second category is where the prosecutor has some direct personal interest arising from animosity, a financial interest, kinship, or close friendship such that his objectivity and impartiality are called into question.

Syl Pt. 1, in part, *Nicholas v. Sammons*, 178 W. Va. 631, 363 S.E.2d 516 (1987). Here, the second category supplies the applicable analysis for determining if the office of the Hardy County Prosecuting Attorney should be disqualified in the above-listed criminal matters as there is no allegation that the prosecutor had some attorney-client relationship with the six (6) alleged victims in the current matters or the Defendants whereby he obtained privileged information that may be adverse to the Defendants' interests. The moving Defendants assert that the Prosecutor and his office has some direct personal interest in the proceedings which calls into question the office's objectivity and impartiality, as is explained below.

Prior to the filing of the motions to disqualify, the Hardy County Prosecuting

Attorney disclosed in a previous hearing that he and his office have a conflict of interest with respect to an alleged victim of the Defendants and the Prosecuting Attorney moved to disqualify his office solely from "Investigation No. HCSO-024-048" involving that victim. Following the October 22, 2024, arraignment on these matters, the Court entered an order disqualifying the Prosecuting Attorney and his staff from the matter involving a different victim that has yet to be indicted by a grand jury, who is purportedly a Hardy County Commissioner or family member thereof. In regard to that investigation only, the Court recognized and the Prosecuting Attorney admitted, there is, in fact, a conflict of interest with respect to the Prosecuting Attorney's involvement with respect to one of the alleged victims.

The moving Defendants argue that this conflict involving one of the alleged victims who is a Hardy County Commissioner or family member demonstrates that the prosecutor's office has a conflict of interest that goes beyond mere appearances and should prevent the office from prosecuting any of the charges in relation to the other alleged victims of the Defendants, even though no charges or indictment have resulted from the investigation involving this other alleged victim. The moving Defendants' essential argument is that the conflict in the one matter demonstrates that the motivation and impartiality of the prosecutor's office must be called into question in regard to all of the other alleged victims. However, the Defendants provided no evidence to support this argument and simply assert that prosecutor's admitted conflict with respect to the one alleged victim, who is purportedly a county commissioner, is sufficient to support disqualification as to all matters involving all alleged victims of the Defendants relating to the charges contained in the indictments in the current cases as it calls into question the

prosecutor's office's motivation in bringing the charges.

During oral argument, the Assistant Prosecuting Attorney argued that the current matters are distinct and separate from the matter which necessitated the office's disqualification and no conflict exists, nor is there any evidence of a personal interest on behalf of the prosecutor such that his objectivity and impartiality are called into question. The Assistant Prosecuting Attorney further argues that the six (6) distinct circumstances which gave rise to the twelve (12) charges against each Defendant are separate and distinct cases and are separate and distinct from the matter from which the office moved for disqualification. Additionally, the case involving the seventh (7th) alleged victim has not been presented to the grand jury and no charges have been brought against the Defendants in regard to that alleged victim. Finally, the Assistant Prosecuting Attorney argues that the moving Defendants failed to demonstrate any actual conflict in regard to these cases involving the other six (6) alleged victims or that prosecutor has some direct personal interest arising from animosity, a financial interest, kinship, or close friendship such that his objectivity and impartiality are called into question in bringing charges against the Defendants on behalf of these alleged victims.

It is clear that the Prosecuting Attorney, by law, has a statutory attorney-client relationship with the County Commission, and by extension, its commissioners pursuant to West Virginia Code § 7-4-1(a), which gave rise to the disqualification of the Hardy County Prosecuting Attorney's office in regard to "victim 7". However, the moving Defendants' argument that this reality creates a web of conflicted interests and incentives which cannot be unwound from its legal and factual connection with these proceedings and all of the charges against the Defendants in regard to all of the alleged victims, is not

supported by any documentary evidence and is simply a conclusory inference.

The moving Defendants rely on the Supreme Court's holding in *State v. Knight* as the guiding authority for its motion. As explained by our Supreme Court, "[u]nder circumstances where it can reasonably be inferred that the prosecuting attorney has an interest in the outcome of a criminal prosecution beyond ordinary dedication to his duty to see that justice is done, the prosecuting attorney should be disqualified from prosecuting the case." Syl. Pt. 4, in part, *State v. Knight*, 168 W. Va. 615, 285 S.E.2d 401 (1981).  In the *Knight* case, the Supreme Court found that the prosecutor should have recused himself as the defendant was "convicted previously of a crime committed against the prosecuting attorney . . . failed to make court-ordered restitution to the prosecutor, and . . . [was] accused of the crime by the prosecuting attorney's secretary . . . ." *Id.*  However, using the same analysis for determining prosecutorial disqualification, the Supreme Court in *State v. Ladd*, 210 W. Va. 413, 557 S.E.2d 820 (2001), found that the "mere fact of the assistant prosecutor's marriage to an investigating officer and witness does not indicate . . . that the assistant prosecutor's interest in convicting the defendant was personal." *Id.* at 437, 557 S.E.2d at 844. The Supreme Court distinguished this situation from that found in *Knight* as the prosecutor and the investigating officer were involved in the trial "solely in their professional capacities," which is similar to the instant cases as the prosecutor's office is acting in its professional capacity. *Id.*

The moving Defendants further relied during oral argument on *U.S. v. Farrell*, 115 F.Supp.3d 746 (S.D. W.Va. 2015), as persuasive authority for their motions to disqualify. In *Farrell*, the Federal District Court for the Southern District of West Virginia, relying on *Marshall v. Jerrico, Inc.*, 446 U.S. 238 (1980), explained that while prosecutors are

"'traditionally accorded wide discretion . . . in the enforcement process,' nevertheless, '[a] scheme injecting a personal interest, financial or otherwise, into the enforcement process may bring irrelevant or impermissible facts into the prosecutorial decision and in some contexts raise serious constitutional questions.'" *U.S. v. Farrell*, 115 F.Supp.3d 746, 753 (S.D. W.Va. 2015), quoting *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 249-250 (1980). However, the *Farrell* Court also explained that, "[a] biasing influence may be 'too remote and insubstantial' to pose a 'realistic possibility' of distorting the judgment of officials tasked with prosecutorial functions." *Id.*, quoting *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 250-251 (1980).

Further, the Court in *Farrell* explained that it was tasked with determining if the alleged personal interests of the supervisory federal prosecutors as possible victims in the water crisis stemming from a chemical spill which resulted in charges of negligent discharge of a pollutant in violation of the Clean Water Act and other similar charges against the Defendant was of "sufficient gravity to create a conflict[.]" *Id.* at 760. The Court concluded that the harms suffered by the prosecutors "are unlikely to engender such strong feelings as would present a significant risk of distorting prosecutorial judgment and limiting a prosecutor's ability to represent the public interest." *Id.* Finally, the Defendant in *Farrell* argued that the Court should disqualify the entire United States Attorney's Office as "an appearance of a conflict of interest or loss of impartiality exists" based on the laundry list of alleged conflicts of interest raised by the Defendant and analyzed by the Court. *Id.* at 762. In the end, the Court concluded that the Defendant was unable to demonstrate that "an appearance of impropriety" existed and that the peculiar circumstances of the case were not "likely to affect the public's confidence in the fairness

and integrity" of the proceedings. *Id.* at 764.

Here, the moving Defendants have failed to demonstrate that the office of the Hardy County Prosecuting Attorney's conflict with the seventh (7th) alleged victim, who is purportedly a Hardy County Commissioner or family member thereof, necessarily translates to a situation "where the prosecutor has some direct personal interest arising from animosity, a financial interest, kinship, or close friendship such that his objectivity and impartiality are called into question" (*Nicholas v. Sammons, supra*) or injects "a personal interest, financial or otherwise, into the enforcement process" (*U.S. v. Farrell, supra*) on behalf of the office.  As instructed by our own Supreme Court in determining this issue, "[t]he focus becomes whether the prosecutor's interest is public or personal." *State v. Pennington*, 179 W. Va. 139, 147, 365 S.E.2d 803, 811 (1987). The moving Defendants have failed to prove any facts from which an inference may arise that the prosecutor office's interest in regard to the six (6) alleged victims is personal because of its disqualifying relationship with the alleged seventh (7th) alleged victim.

Finally, the Court notes that counsel for the nonmoving Defendant, John W. Crites, Sr., orally moved the Court at the close of argument to bind the future Prosecuting Attorney of Hardy County, whose term begins on January 1, 2025, to the position of the current Prosecuting Attorney regarding this issue and prevent him from moving to disqualify the office from these matters once he takes office. Said motion was made orally and counsel did not provide any legal authority to support his motion. Therefore, the Court declines to consider it.

Based upon the foregoing, Defendant John W. Crites, Sr.'s *Motion to Disqualify Office of Hardy County Prosecuting Attorney* and Defendant Kelly S. Crites' *Motion to*

*Disqualify Office of Hardy County Prosecuting Attorney*, are hereby DENIED.

The Clerk is directed to transmit a true and correct copy of this Order to all counsel

of record.


<u>**/s/ Michael Lorensen**</u>
Circuit Court Judge
22nd Judicial Circuit


Note: The electronic signature on this order can be verified using the reference code that appears in the
upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.