## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STATE OF WEST VIRGINIA,**

    Plaintiff,

  v.                                                  **CIVIL NO. 2:24-CV-32**
                                                           **(KLEEH)**

**KELLY S. CRITES,**

    Defendant.

---

**STATE OF WEST VIRGINIA,**

    Plaintiff,

  v.                                                  **CIVIL NO. 2:24-CV-35**
                                                           **(KLEEH)**

**JOHN W. CRITES, SR.,**

    Defendant.

---

**STATE OF WEST VIRGINIA,**

    Plaintiff,

  v.                                                  **CIVIL NO. 2:24-CV-36**
                                                           **(KLEEH)**

**JOHN W. CRITES, JR.,**

    Defendant.

## **ORDER CONSOLIDATING CASES AND SCHEDULING TRIAL**

    The above-captioned cases are criminal actions that were removed to this Court from the Circuit Court of Hardy County, West Virginia. Under Rule 42 of the Federal Rules of Criminal Procedure, the Court may consolidate actions if they "involve a

**STATE OF W. VA. V. CRITES        2:24-CV-32, 2:24-CV-35, 2:24-CV-36**

**ORDER CONSOLIDATING CASES AND SCHEDULING TRIAL**

common question of law or fact[.]"  Here, all of the indictments at issue charge the defendants with the following:

- Count One: Felony Obtaining Money or Goods by False Pretenses, in violation of W. Va. Code § 61-3-24(a)(1); and

- Count Two: Conspiracy to Commit Obtaining Money or Goods by False Pretenses, in violation of W. Va. Code § 61-10-31.

The prosecutions against all three defendants stem from the following set of events: (1) the alleged victims delivered logs to Allegheny Wood Products, (2) the alleged victims were either paid with dishonored checks or not paid at all, and (3) Allegheny Wood Products proceeded to liquidate the logs, despite not having paid for them.  Accordingly, the Court **FINDS** that the above-captioned cases involve common questions of law and fact.  The cases **SHALL** be **CONSOLIDATED** and re-docketed as one **CRIMINAL** case.

Trial in this matter is **SCHEDULED** for **March 11, 2025**, at **9:30 a.m.**, at the **Elkins**, West Virginia, point of holding court.  A pretrial conference is **SCHEDULED** for **February 27, 2025**, at **1:30 p.m.**, at the **Clarksburg**, West Virginia, point of holding court.  The Court also **SCHEDULES** initial appearances, arraignments, and detention hearings for all defendants for **January 27, 2025**, at **11:00 a.m.**, at the **Clarksburg**, West Virginia, point of holding court.  United States Magistrate Judge Michael J. Aloi is **DIRECTED**

to enter a scheduling order setting forth the remaining deadlines in this matter.

Due to the unusual procedural posture of this case, the defendants have not yet made initial appearances in federal court and have not been arraigned in federal court. Because the case was removed from state court, and an evidentiary hearing was required pursuant to 28 U.S.C. § 1442, the Court finds that the ends of justice served by scheduling the trial for March 11, 2025, outweigh the best interests of the public and the defendants in a speedy trial. Scheduling the trial before March 11, 2025, "would deny counsel for the defendant[s] . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." See 18 U.S.C. § 3161(h)(7)(B)(iv). Further, it would be likely to result in a miscarriage of justice. See id. § 3161(h)(7)(B)(i).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record, the Office of Probation, and the United States Marshals Service.

DATED: January 6, 2025

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA